# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| TIMOTHY CROUCH and DAVID SHARP, | ) ) ) |
| Plaintiff, | ) ) CASE NO. 1:09-00091 |
| | ) JUDGE HAYNES |
| v. | ) ) |
| LEWIS COUNTY, TENNESSEE, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM

Plaintiffs, Timothy Crouch and David Sharp, inmates at the Lewis County Jail, filed this action under 42 U.S.C. § 1983 against the Defendants: Lewis County, Tennessee and Rebecca J. Carroll, the jail administrator. In essence, Plaintiffs challenge the conditions of their confinement at the Lewis County Jail. After a review of the complaint, the Court set a frivolity hearing to assess whether this action should proceed further. After the hearing, Plaintiff Sharp did not advise the Court of his address, copies of orders to him were returned to the Court, and his claims were dismissed for his failure to prosecute. (Docket Entry No. 28).

According to the testimony at the frivolity hearing, Plaintiff Crouch, a pretrial detainee who was represented by counsel, was housed at the Lewis County Jail. Plaintiff Crouch had been in this institution for almost a year. For a couple of months, Plaintiff Crouch and several inmates were sleeping on the floor with mats. According to Plaintiff Crouch, the Lewis County jail has maximum and minimum security jails cells with six beds each. For a couple of months, Plaintiff Crouch had to sleep on the floor with multiple sleeping pads.

As to his other conditions of confinement, Plaintiff Crouch had access to a shower every other day, his clothes were washed daily, he had two meals and a sandwich at lunch. Plaintiff

Crouch who has a history of psychosis for which he takes medication, was never sick while at the Lewis County Jail nor was he attacked by another inmate. Plaintiff Crouch has never failed to receive his mail or to meet with his lawyer. Plaintiff Crouch has not lost any weight while he was confined at the Lewis County jail. On cross examination, Plaintiff Crouch conceded that there are five pods in the jail, and there are 15 inmates in each of these pods. There is a maximum security cell that has three two-man cells with two beds. Plaintiff Crouch was later transferred because of overcrowding at the jail.

There was an instance where Plaintiff Crouch had his Bible taken from him for several days and was placed in a maximum security cell on "lock down" for seven days with three other inmates for a violation of jail rules.

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, see Boag v. MacDougall, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal," McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

To state a claim under § 1983, the Plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled in part by Daniels v. Williams, 474 U.S. 327, 330 (1986)); Flagg Bros. v. Brooks, 436 U.S. 149, 155-56 (1978); Black v. Barberton Citizens Hosp., 134 F.3d 1265, 1267 (6th Cir.

1998).

A prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-823 (1977) and prison officials must ensure that inmates have access to the courts that is "adequate, effective and meaningful." Id. at 822. Meaningful access varies with the circumstances, and prison officials are accorded discretion in determining how that right is to be administered. Id. at 830-31. To state a claim on which relief may be granted, plaintiff must show that a defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996). With his counsel, Plaintiff has not been prejudiced in his access to the Court.

In Groseclose v. Dutton, 829 F.2d 581, 584 (6th Cir. 1987), the Sixth Circuit explained that in evaluating conditions of confinement in correctional facilities, the District Court must focus upon specific practices and policies, not just the totality of the conditions of confinement (citing Walker v. Mintzes, 771 F.2d 920 (6th Cir. 1985)). In Walker, Sixth Circuit stated:

> to require consideration of all the prison's conditions and circumstances, rather than isolated conditions and events, when addressing eighth amendment claims. In certain extreme circumstances, the totality itself may amount to an Eighth Amendment violation, but there still must exist a specific condition on which to base the eighth amendment claim.

Walker, 771 F.2d at 925 (emphasis added).

From the Court's review, Plaintiff was provided the basic necessities and Plaintiff has not demonstrated any actual injury. Plaintiff's sleeping on the floor with multiple mats was temporary and Plaintiff was ultimately transferred. In these circumstances, the Court does not discern an Eighth Amendment violation.

Thus, Plaintiff's complaint fails to state grounds for relief and this action will be

3

dismissed.

An appropriate Order is filed herewith.

**ENTERED** this the 27th day of May, 2011.

                                           WILLIAM J. HAYNES, JR.
                                         United States District Judge